# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>5171 CAMPBELLS LAND CO., INC.,<br><br>  Debtor. | Bankr. Case No. 19-22715-CMB<br><br>Chapter 11 |
| ROBERT S. BERNSTEIN, as Plan Administrator for the Creditors Trust under the Debtor's confirmed Plan,<br><br>  Plaintiff,<br><br>v.<br><br>MEYER, UNKOVIC & SCOTT LLP, a Pennsylvania Limited Liability General Partnership, and ROBERT E. DAUER, JR., an individual,<br><br>  Defendants. | Adv. Pro. No. 21-02063-CMB |

**PLAINTIFF'S MOTION TO WITHDRAW REFERENCE
UNDER 28 U.S.C. § 157 FOR PURPOSES OF JURY TRIAL ONLY**

  The Plaintiff, ROBERT S. BERNSTEIN (the "Plan Administrator" or "Plaintiff"), in his capacity as Plan Administrator for the Creditors Trust under the confirmed Plan, as successor to the estate of the Debtor, 5171 Campbells Land Co., Inc. (the "Debtor," the "Company" or "5171 Campbells"), by and through undersigned counsel, pursuant to 28 U.S.C. § 157 and Bankruptcy Court Local Rule 9015-1, files this Motion to Withdraw Reference Under 28 U.S.C. § 157 for Purposes of Jury Trial Only (the "Plan Administrator Withdrawal Motion"), and in support thereof, states as follows:

  1. On July 6, 2021, the Plan Administrator filed a Complaint for Damages and

{W0567344.1 }

Demand for Jury Trial [ECF Adv. Doc. 1][1] (the "Complaint and Jury Trial Demand") against MEYER, UNKOVIC & SCOTT LLP, a Pennsylvania Limited Liability General Partnership ("Meyer Unkovic"), and ROBERT E. DAUER, JR., an individual ("Dauer") (sometimes collectively referred to as "Defendants"), instituting Adversary Proceeding No. 21-02063-CMB, styled *Bernstein v. Meyer, Unkovic & Scott LLP and Robert E. Dauer, Jr.* (the "Adversary Proceeding").

2. On July 19, 2021, Defendants filed a Motion to Withdraw Reference of the Case Under 28 U.S.C. § 157 [ECF Adv. Doc. 14] (the "Defendants' Withdrawal Motion") and Brief in Support thereof [ECF Adv. Doc. 15] (the "Brief"), seeking immediate permissive withdrawal of the reference.

3. On August 2, 2021, the Plan Administrator filed his Response to Defendants' Motion to Withdraw Reference of the Case Under 28 U.S.C. § 157 and Brief in Support Thereof [ECF Adv. Doc. 23] (the "Plan Administrator Withdrawal Response").

4. As set forth in the Plan Administrator Withdrawal Response, the Plan Administrator: (i) agrees that in light of the jury trial demand by both the Plan Administrator and the Defendants, coupled with the Bankruptcy Court's inability to conduct the jury trial based upon the parties' lack of consent, cause exists to withdraw the reference *for purposes of a jury trial*; and (ii) does not oppose the relief requested by Defendants for the District Court to exercise its discretion to withdraw the reference of the Adversary Proceeding pursuant to 28 U.S.C. § 157(d), should the District Court determine that cause for immediate withdrawal exists, and wish to preside

---

[1] References to [ECF Adv. Doc. ___ ] refer to the following docket: Adv. Pro. No. 21-02063-CMB, *Bernstein v. Meyer, Unkovic & Scott LLP and Robert E. Dauer, Jr.* (the "Adversary Proceeding"), United States Bankruptcy Court for the Western District of Pennsylvania. References to [ECF Doc. ___ ] refer to the following docket: Bankr. Case No. 19-22715-CMB, *In re 5171 Campbells Land Co., Inc.*, United States Bankruptcy Court for the Western District of Pennsylvania.

over this matter immediately.

5. However, as further set forth in the Plan Administrator Withdrawal Response and for the reasons set forth therein, the Plan Administrator submits that: (i) Defendants have failed to meet their burden to show cause for *immediate* permissive withdrawal; and (ii) the reference to the Bankruptcy Court should remain intact for all pre-trial matters, including case dispositive motions, with the Bankruptcy Court submitting proposed findings of fact and conclusions of law to the District Court for *de novo* review and entry of any final order or judgment pursuant to 28 U.S.C. § 157(c)(1), and when the case is trial ready, the reference be withdrawn so that the District Court may conduct the jury trial. *See, e.g., Feldman v. ABN AMRO Mortg. Grp., Inc.,* 2020 WL 618604 (E.D. Pa. Feb. 10, 2020)(after considering all pertinent factors, finding that Defendants did not demonstrate cause for pretrial withdrawal of the reference to the bankruptcy court notwithstanding the assertion of a Seventh Amendment right to a jury trial in connection with a non-core proceeding, and noting that permitting the bankruptcy court to issue rulings on dispositive motions, and withdrawing the reference only when the case is ripe for a jury trial, promotes both judicial economy and a timely resolution); *In re AgFeed USA, LLC,* 565 B.R. 556 (D. Del. 2016)(concluding that consideration of all of the appropriate factors favored denying defendants' motions to withdraw the reference of a non-core matter at the pretrial stage, as permitting the bankruptcy court to oversee pretrial matters in the non-core proceeding, and withdrawing it only when it is ripe for a jury trial, promotes judicial economy and a timely resolution, notwithstanding that the bankruptcy court will not be able to enter a final judgment as to the non-core claims and must issue proposed findings of fact and conclusions of law under 28 U.S.C. § 157(c)).

6. Notwithstanding the filing of the Defendants' Withdrawal Motion and Brief, and the Plan Administrator Withdrawal Response, Bankruptcy Court Local Rule 9015-1(c) provides

as follows:

> Within thirty (30) days of filing the [jury] demand, ***the party making the demand shall*** file with the Bankruptcy Clerk and serve on all parties in interest:
>
> (1) the consent of all parties to trial by jury in the Bankruptcy Court and the Bankruptcy Court's entry of final orders or judgments with respect to the same; or
>
> (2) a motion to withdraw the reference to the District Court pursuant to 28 U.S.C. § 157. All proceedings shall continue in the Bankruptcy Court unless and until an Order is issued by the District Court withdrawing the reference.

Bankruptcy Court Local Rule 9015-1(c) (emphasis added).

7. Accordingly, in compliance with the requirements of Bankruptcy Court Local Rule 9015-1(c), given the Plan Administrator's jury trial demand as set forth in the Complaint and Jury Trial Demand, the Plan Administrator files this Plan Administrator Withdrawal Motion seeking withdrawal of the reference of the Adversary Proceeding pursuant to 28 U.S.C. § 157(d) *for purposes of jury trial only if and when the Adversary Proceeding is trial ready,* with the reference to the Bankruptcy Court to remain intact for all pre-trial matters, including case dispositive motions, with the Bankruptcy Court submitting proposed findings of fact and conclusions of law to the District Court for *de novo* review and entry of any final order or judgment pursuant to 28 U.S.C. § 157(c)(1), and when the case is trial ready, the reference being withdrawn so that the District Court may conduct the jury trial.

8. The basis for the relief requested herein is as set forth in the Plan Administrator Withdrawal Response, which is incorporated by reference as if fully set forth herein.

WHEREFORE, the Plan Administrator respectfully moves the Court for entry of an Order: (i) granting withdrawal of the reference of the Adversary Proceeding pursuant to 28 U.S.C. § 157 for purposes of jury trial only if and when the Adversary Proceeding is trial ready; (ii) keeping the reference to the Bankruptcy Court intact for all pre-trial matters, including case dispositive

motions, with the Bankruptcy Court submitting proposed findings of fact and conclusions of law to the District Court for *de novo* review and entry of any final order or judgment pursuant to 28 U.S.C. § 157(c)(1); and (iii) when the case is trial ready, allowing the parties to file a motion for the reference to be withdrawn so that the United States District Court for the Western District of Pennsylvania may conduct the jury trial.

Respectfully submitted this 5th day of August, 2021.

>HERRON BUSINESS LAW
>607 College Street, Suite 101
>Pittsburgh, PA 15232
>Tel: (412) 395-6001
>Fax: (412) 391-2808
>
>By: /s/ Matthew M. Herron
>    Matthew M. Herron, Esq.
>    PA. Bar No. 88917
>    Email: mmh@herronbiz.com
>    Nicholas A. Miller, Esq.
>    PA. Bar No. 204141
>    Email: nam@herronbiz.com
>    *Local Counsel to Special Counsel*
>    *to the Plan Administrator*
>
>CIMO MAZER MARK PLLC
>100 S.E. 2nd Street, Suite 3650
>Miami, FL 33131
>Tel: (305) 374-6480
>Cel: (305) 439-3429
>Fax: (305) 374-6488
>
>By: /s/ David C. Cimo
>    David C. Cimo, Esq.
>    Fla. Bar No. 775400
>    Email: dcimo@cmmlawgroup.com
>    (admitted *pro hac vice*)
>    Marilee A. Mark, Esq.
>    Fla. Bar No. 725961
>    Email: mmark@cmmlawgroup.com
>    (admitted *pro hac vice*)
>    *Special Litigation Counsel*
>    *to the Plan Administrator*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served on all counsel and parties of record, through the Court's ECF Filing system, on the 5th day of August, 2021, to the following:

>Bethann R. Lloyd, Esq.
>brl@whc-pc.com
>blloyd@d-wlaw.com
>Holly M. Whalen, Esq.
>hwhalen@d-wlaw.com
>Katherine P. Berquist, Esq.
>kpb@whc-pc.com
>DIBELLA WEINHEIMER
>Law & Finance Building
>429 Fourth Avenue, Suite 200
>Pittsburgh, PA 15219

Respectfully submitted this 5th day of August, 2021.

>HERRON BUSINESS LAW
>607 College Street, Suite 101
>Pittsburgh, PA 15232
>Tel: (412) 395-6001
>Fax: (412) 391-2808
>
>By: /s/ Matthew M. Herron
>    Matthew M. Herron, Esq.
>    PA. Bar No. 88917
>    Email: mmh@herronbiz.com
>    Nicholas A. Miller, Esq.
>    PA. Bar No. 204141
>    Email: nam@herronbiz.com
>    *Local Counsel to Special Counsel*
>    *to the Plan Administrator*