IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>5171 CAMPBELLS LAND CO., INC.,<br><br>    Debtor. | Bankr. Case No. 19-22715-CMB<br><br>Chapter 11 |
| ROBERT S. BERNSTEIN, as Plan Administrator for the Creditors Trust under the Debtor's confirmed Plan,<br><br>    Plaintiff,<br><br>MEYER, UNKOVIC & SCOTT LLP, a Pennsylvania Limited Liability General Partnership, and ROBERT E. DAUER, JR., an individual,<br><br>    Defendants. | Adv. Pro. No. 21-02063 |

## MOTION TO DISMISS

Defendants, Meyer, Unkovic & Scott LLP and Robert E. Dauer Jr. (collectively "Law Firm"), by and through their attorneys, Bethann R. Lloyd, Holly M. Whalen and Katherine P. Berquist of DiBella Weinheimer, move to dismiss this case with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of said Motion, the Law Firm states as follows:

1. This lawsuit is an attempt by creditors to hold the Law Firm responsible for the failure of a startup business.

2. Specifically, the Law Firm was asked to assist its client in acquiring assets and franchise rights to enable the client an opportunity to proceed with its business plan.

{00412271.DOCX:2}

Unfortunately, the business was not profitable and failed.

3. The Creditors Trust claims the Law Firm committed professional malpractice premised upon allegedly flawed business advice as to capitalization at the time of the start-up and protection of assets thereafter.

4. The Law Firm moves to dismiss the Complaint on the grounds as set forth below.

5. This Motion is supported further by a Brief in Support, incorporated herein by reference.

### A. THIS ACTION IS BARRED BY THE 2 YEAR STATUTE OF LIMITATIONS.

6. Nearly all of the alleged negligence by the Law Firm occurred in January/February 2018, at the time the business acquired franchise rights. No negligence is alleged to have occurred after June 2019, as that is the time that the business permanently lost its franchise rights.

7. This action was not filed within 2 years of the last date on which the alleged negligence occurred.

8. Although a trustee may arguably be entitled to an extension under Section 108(a) of the Bankruptcy Code, creditors and assignees are not. *See*, 11 U.S.C. §108(a).

9. This action was filed in July 2021, nearly 3 years after the events at issue and over a year after Creditors Trust was formed.

10. Because this action is time barred, the Law Firm moves for its dismissal with prejudice.

### B. ALLEGATIONS OF DEEPENING INSOLVENCY SHOULD BE STRICKEN AS NOT STATING A VIABLE BASIS FOR A CLAIM.

11. Creditors Trust's Complaint hints at a claim of deepening insolvency, although not expressly pled as a separate claim. (*See*, ECF Doc. 1, ¶9, 107, 112(p)).

12. To the extent such a claim is even viable, only fraudulent conduct can support such a claim, not negligence. *See*, <u>Official Comm. of Unsecured Creditors v. R.F. Lafferty & Co.</u>, 267 F.3d 340, 347 (3d Cir.2001); <u>In re CitX Corp., Inc.</u>, 448 F.3d 672, 681 (3d Cir. 2006).

13. There are no allegations of fraud in the Complaint.

14. If a claim of deepening insolvency is not viable, the allegations of damages based on a theory of deepening insolvency have no place in this litigation.

15. Therefore, all averments of deepening insolvency, all damages based on deepening insolvency, and any claim for deepening insolvency must be stricken from the Complaint.

### C. PLAINTIFF'S ALLEGED VIOLATION OF ETHICS RULES IS IMPROPER AND FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE BASED.

16. As part of Count I, alleging legal malpractice, the Creditors Trust alleges multiple and generic violations of the Pennsylvania Rules of Professional Conduct.

17. The pleading of ethics violations in the context of legal malpractice case is improper and should be stricken.

18. The Preamble to the Rules of Professional Conduct makes quite clear that the Rules are not to be used as a basis for civil liability. (*Preamble*, RPC, nt. 19).

19. The ethics rules are cited in conclusory and generic fashion, adding nothing of substance to the statement of claims.

20. This reveals that Plaintiff's general and non-specific inclusion of citations to the ethics rules is tantamount to use of the rules as a procedural weapon against the Law Firm, which is not a proper invocation of the ethics rules.

21. Moreover, these assertions are made by a party who was never a client of the Law Firm (and whose members are likely adverse to the Law Firm's actual client).

22. Therefore, all references to the Rules of Professional Conduct should be stricken from the Complaint.

### D. CREDITORS TRUST IS NOT ENTITLED TO RESERVE THE RIGHT TO FILE ADDITIONAL CLAIMS AND SUCH RESERVATION SHOULD BE STRICKEN FROM ITS COMPLAINT.

23. The Creditors Trust's Complaint contains a reservation of rights to assert additional claims. (ECF Adv. Doc. 1, ¶118).

24. There is no such right in the Bankruptcy Rules or the Federal Rules of Procedure. Rule 8 requires a short and plain statement of the claim. FRCP 8(a). It contains no option to reserve the right to add claims.

25. If Creditors Trust believes that at some future time, there is a need for amendment, it may follow the procedural requirements of the Federal Rules to attempt to make such amendment. *See*, FRCP 15.

26. Until then, Plaintiff's improper reservation of rights subverts the Rules of Civil Procedure, violates the Law Firm's entitlement know the nature of the claims and should be dismissed and/or stricken from the Complaint.

WHEREFORE, Defendants respectfully request that the Court grant their Motion to Dismiss and enter judgment in their favor and against Plaintiff.

**JURY TRIAL DEMANDED**

Respectfully submitted,

DIBELLA WEINHEIMER
Law & Finance Building
429 Fourth Avenue, Suite 200
Pittsburgh, PA  15219
Phone: 412-261-2900
Fax: 412-261-3222

{00412271.DOCX:2}

                                       */s/ Holly M. Whalen*
                                       Holly M. Whalen, Esquire
                                       Pa. ID #84878
                                       hmw@whc-pc.com
                                       hwhalen@d-wlaw.com

                                       Bethann R. Lloyd
                                       Pa. ID #77385
                                       brl@whc-pc.com
                                       blloyd@d-wlaw.com

                                       Katherine P. Berquist, Esquire
                                       Pa. ID #94654
                                       kpb@whc-pc.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within **MOTION TO DISMISS** has been served on all counsel and parties of record, through the Court's ECF Filing system, on this 6th day of August, 2021, to the following:

| | |
|---|---|
| Matthew M. Herron, Esquire<br>mmh@horronbiz.com<br>Nicholas A. Miller, Esquire<br>nam@herronbiz.com<br>HERRON BUSINESS LAW<br>607 College Street, Suite 101<br>Pittsburgh, PA 15232<br>*Local Counsel to Special Counsel<br>to the Plan Administrator* | David C. Cimo, Esquire<br>dcimo@cmmlawgroup.com<br>Marilee A. Mark, Esquire<br>mmark@cmmlawgroup.com<br>CIMO MAZER MARK PLLC<br>100 S.E. 2nd Street, Suite 3650<br>Miami, FL 33131<br>*Special Litigation Counsel to<br>the Plan Administrator* |

Respectfully submitted,

DIBELLA WEINHEIMER
Law & Finance Building
429 Fourth Avenue, Suite 200
Pittsburgh, PA  15219
Phone: 412-261-2900
Fax: 412-261-3222


*/s/ Holly M. Whalen*
Holly M. Whalen
Pa. ID #84878

{00412271.DOCX:2}