IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>5171 CAMPBELLS LAND CO., INC.,<br><br>    Debtor. | Bankr. Case No. 19-22715-CMB<br><br>Chapter 11 |
| ROBERT S. BERNSTEIN, as Plan Administrator for the Creditors Trust under the Debtor's confirmed Plan,<br><br>    Plaintiff,<br><br>MEYER, UNKOVIC & SCOTT LLP, a Pennsylvania Limited Liability General Partnership, and ROBERT E. DAUER, JR., an individual,<br><br>    Defendants. | Adv. Pro. No. 21-02063 |

**RESPONSE TO PLAINTIFF'S
<u>MOTION TO WITHDRAW REFERENCE OF THE CASE UNDER 28 U.S.C. §157</u>**

    Defendants, Meyer, Unkovic & Scott LLP and Robert E. Dauer Jr. (collectively "Law Firm" or "Defendants"), by and through their attorneys, Bethann R. Lloyd, Holly M. Whalen and Katherine P. Berquist of DiBella Weinheimer, respectfully file this Response to Plaintiff Robert S. Bernstein's Motion to Withdraw Reference of the Case under 28 U.S.C.S. §157.

    By way of overview, both parties agree that reference to the Bankruptcy Court should be withdrawn. The only difference in position is the timing. Plaintiff seeks to delay withdrawal. The Law Firm urges the Court to withdraw the reference now so that this complex state-law malpractice case can proceed from the outset, in orderly and efficient fashion, before the District Court.

1

On July 19, 2021, Defendants filed their Motion to Withdraw Reference of the Case Under 28 U.S.C. §157 (ECF Adv. Doc. 14)[1]("Defendants' Motion") and Brief in Support thereof (ECF Adv. Doc. 15). The Law Firm incorporates those filings as if set forth in full herein in response to Plaintiff's affirmative request for relief (ECF Adv. Doc. 24). In addition to the reasons set forth in the Law Firm's own Motion and Brief, Plaintiff's request that the reference to the Bankruptcy Court be withdrawn for purposes of the jury trial only should be denied because (1) Plaintiff admits that the legal malpractice claim asserted against the Law Firm is a non-core proceeding, and, thus, cannot be tried before the Bankruptcy Court, without consent and (2) immediate withdrawal of the reference fosters the economical use of resources and promotes judicial economy.

    **1. Plaintiff's legal malpractice claim against the Law Firm is a non-core proceeding in which both parties have demanded a jury trial.**

Despite Plaintiff's assertion in his Complaint that this action against the Law Firm is a core proceeding, (ECF Adv. Doc. 1, ¶¶12, 119), Plaintiff no longer disputes, and by virtue of his own filing, in fact, concedes that the action is a non-core proceeding in which all parties have demanded a jury trial. *See*, Plaintiff's Motion to Withdraw Reference Under 28 U.S.C. § 157 for Purposes of Jury Trial Only (ECF Adv. Doc. 24). *See also*, Plaintiff's Response to Defendants' Motion (ECF Adv. Doc. 23 at 2).

Plaintiff likewise concedes that withdrawal of the reference to the bankruptcy court under 28 U.S.C. § 157 is appropriate. *See* (ECF Adv. Doc. 24.) However, Plaintiff differs only as to at what stage in the litigation the withdrawal should occur. As set forth in more detail in Defendants' Motion and Brief in Support thereof (ECF Adv. Docs. 14 and 15) and below, withdrawal of the reference to the bankruptcy court at this juncture is appropriate. Thus, Plaintiff's Motion (ECF

---

[1] References to "ECF Adv. Doc." herein refer to Docket filings in the above-captioned Adversary Action at Adv. Pro. No. 21-02063.

Adv. Doc. 24) should be denied.

### 2. Immediate withdrawal of the reference to Bankruptcy Court fosters the economical use of resources and promotes judicial economy.

As noted by Plaintiff in his Response to Defendants' Motion (ECF Adv. Doc. 23), "[j]udicial economy is an especially important and relevant consideration." Id. at 4 (citing EXDS, Inc. v. CB Richard Ellis, Inc., 2006 WL 2346419, at *1 (D.Del. July 20, 2006).) The economical use of resources and interests of judicial economy are well-served by this case immediately proceeding before the District Court.

In In re Leonard A. Pelullo, 1997 WL 535155 (E.D.Pa. 1997), the United States District Court for the Eastern District of Pennsylvania addressed a motion to withdraw the reference to the bankruptcy court pursuant to 28 U.S.C. § 157 in a legal malpractice case. Like in this case at the time of the Court's consideration of the motion to withdraw the reference to the bankruptcy court, the Defendants - attorney and law firm – had filed a motion to dismiss and no discovery or other pretrial matters had commenced.

Analyzing the factors set forth in In re Pruitt, 910 F.2d (3d Cir. 1990), the Court granted the motion to withdraw reference to the bankruptcy court, explaining:

> Having determined that Pelullo's complaint presents non-core, related claims to his bankruptcy case, the Court concludes that cause exists to withdraw the reference for this adversary action. Proceeding in the district court will reduce forum shopping and confusion, foster the economical use of the debtors' and creditors' resources, and expedite the bankruptcy process. *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir.1990) (citing *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir.1985)). In contrast, permitting this action to proceed in the bankruptcy court, even for pre-trial matters, would require duplication of the bankruptcy court's efforts, since defendants have not consented to entry of final judgment by the bankruptcy court. Under such circumstances, this Court would have to review the bankruptcy court's orders de novo and conduct a jury trial without the benefit of having overseen pre-

> trial matters. Moreover, Pelullo's state law claims are not the type of claims typically heard in the bankruptcy court and could require extensive discovery and instructions to the jury on the law of Pennsylvania or possibly another state. *Judge v. Ridley & Schweigert* (In re Leedy Mortgage Co., Inc.), 62 B.R. 303, 306 (E.D.Pa.1986).

Id. at *2. *See also*, In Re: Leedy Mortgage Co., 62 B.R. 303 (E.D.Pa. 1986) and In re NDEP Corp., 203 B.R. 905, 913 (D.Del.1996) (finding judicial economy favored withdrawal where claims were non-core and jury trial was requested).

Similarly, the District Court in In re Second Pine, 107 B.R. 48 (E.D.Pa. 1989), granted a permissive withdrawal of the reference to the bankruptcy court early in the proceedings before it based upon judicial economy considerations stating:

> While a bankruptcy court is empowered to conduct jury trials under rule 9015 of the Rules of Bankruptcy Procedure, "[j]udicial economy is served … by withdrawing reference of related non-core proceedings in which a jury trial will be required." *In re Ramex International Inc.*, 91 B.R. 313, 316 (E.D.Pa.1988); *see also In re Globe Parcel Service, Inc.*, 75 B.R. 381 (E.D.Pa.1987).

Id. at 49.

In the case presently before the Court, the adversary proceedings involve a non-core proceeding, and, thus, absent consent of the parties, a bankruptcy judge may only "hear" (but not determine) the proceedings. 28 U.S.C. §157(c)(1). Instead, the bankruptcy judge submits proposed findings for determination to the district court. Id. The district court would then have to review the findings of fact and conclusions of law of the bankruptcy judge in light of the controlling law. Id. Thus, if the reference to the bankruptcy court is not withdrawn at this juncture, there would be significant duplication of effort at key stages of the litigation resulting in the expenditure of unnecessary time, money and resources of the courts and the parties, alike – all to reach the same conclusion – a jury trial before the district court. Accordingly, immediate

withdrawal of the reference to the bankruptcy court is appropriate in this case.

## CONCLUSION

For the reasons set forth in their Motion to Withdraw Reference of the Case Under 28 U.S.C. §157 (ECF Adv. Doc. 14) and Brief in Support thereof (ECF Adv. Doc. 15), Defendants have shown cause for withdrawal of the reference and respectfully request that Plaintiff's affirmative request for relief be denied and that the reference to the Bankruptcy Court be withdrawn such that this matter can immediately proceed in the District Court.

**JURY TRIAL DEMANDED**

Respectfully submitted,

DIBELLA WEINHEIMER
Law & Finance Building
429 Fourth Avenue, Suite 200
Pittsburgh, PA  15219
Phone: 412-261-2900
Fax: 412-261-3222

*/s/ Bethann R. Lloyd*
Bethann R. Lloyd
Pa. ID #77385
brl@whc-pc.com
blloyd@d-wlaw.com

Holly M. Whalen, Esquire
Pa. ID #84878
hwhalen@d-wlaw.com

Katherine P. Berquist, Esquire
Pa. ID #94654
kpb@whc-pc.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within **RESPONSE TO PLAINTIFF'S MOTION TO WITHDRAW REFERENCE OF THE CASE UNDER 28 U.S.C.S. §157** has been served on all counsel and parties of record, through the Court's ECF Filing system, on this 19th day of August, 2021, to the following:

| | |
|---|---|
| Matthew M. Herron, Esquire | David C. Cimo, Esquire |
| mmh@horronbiz.com | dcimo@cmmlawgroup.com |
| Nicholas A. Miller, Esquire | Marilee A. Mark, Esquire |
| nam@herronbiz.com | mmark@cmmlawgroup.com |
| HERRON BUSINESS LAW | CIMO MAZER MARK PLLC |
| 607 College Street, Suite 101 | 100 S.E. 2nd Street, Suite 3650 |
| Pittsburgh, PA 15232 | Miami, FL 33131 |
| *Local Counsel to Special Counsel* | *Special Litigation Counsel to* |
| *to the Plan Administrator* | *the Plan Administrator* |

Respectfully submitted,

DIBELLA WEINHEIMER
Law & Finance Building
429 Fourth Avenue, Suite 200
Pittsburgh, PA  15219
Phone: 412-261-2900
Fax: 412-261-3222


*/s/ Bethann R. Lloyd*
Bethann R. Lloyd
Pa. ID #77385